UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE E. JONES #260563, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-128 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| DAVID BERGH, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's access to courts claims against the named Defendants. In addition, the Court will dismiss Plaintiff's claims against Defendant Bergh for lack of personal involvement. The Court will serve the complaint against Defendant Arkens with regard to Plaintiff's retaliation and Eighth Amendment claims.

**Discussion**

I.      Factual Allegations

Plaintiff Jessie E. Jones #260563, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden David Bergh, Sergeant Michael Arkens, Prison Guard K. Hill, and Prison Guard Unknown Linga. Plaintiff alleges in his complaint that on February 6, 2008, he filed a grievance against LMF custody staff for deliberately giving his mail to other prison inmates. On February 11, 2008, Defendant Arkens interviewed Plaintiff on the grievance. Subsequently, Defendant Arkens told other inmates that Plaintiff had filed grievances naming them so that Plaintiff would be viewed as an informant. Plaintiff states that as a result he is constantly receiving threats of being killed by other prisoners and that the staff is aware of this and condones it.

Plaintiff alleges that on February 12, 2008, he filed a complaint with Defendant Bergh complaining of Defendant Arkens' conduct, but Defendant Bergh failed to take any corrective action. Plaintiff then filed a grievance on Defendant Bergh. In reprisal, Defendant Bergh forwarded the grievance to Defendant Arkens. On February 17, 2008, Defendant Arkens told Plaintiff, "I got your letter from the warden what you thought he was gonna do something? I'm gonna have your ass bolted up with tickets. You'll never get out the hole, I'll make sure personally that you [won't] eat." On February 19, 2008, Defendants Hill, Linga, and Arkens illegally confiscated Plaintiff's legal documents that related to *Jones v. Johnson*, 2:07-cv-199, including Plaintiff's motion for summary judgment and brief in support. Plaintiff states that he did not have any copies. Plaintiff claims that this was observed by another prisoner, Brentt Foust #415344. In addition, Plaintiff observed Defendant Hill carrying Plaintiff's documents in his hand after confiscating them. Plaintiff filed a grievance regarding this issue, to no avail. Plaintiff claims that Defendants' conduct violated his

rights under the First and Eighth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

> II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants violated his right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

In this case, Plaintiff claims that Defendants confiscated his motion for summary judgment and the brief in support with regard to his case *Jones v. Johnson*, 2:07-cv-199, which is currently pending in this court. However, a review of the docket sheet for *Jones v. Johnson*, 2:07-cv-199 shows that Plaintiff filed a motion for summary judgment on March 3, 2008, as well as a brief in support. (*See Jones v. Johnson*, 2:07-cv-199, docket ##28-29.) Therefore, it does not appear as if Plaintiff has suffered an actual injury to his pending case so that his access to courts claims are properly dismissed.

In addition, liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be

premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory

official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Bergh was personally involved in the activity which forms the basis of his claim.  Defendant Bergh's only role in this action involves the denial of administrative grievances or the failure to act.  Defendant Bergh cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).  Accordingly, the Court concludes that Plaintiff's claims against Defendant Bergh are properly dismissed for lack of personal involvement.

Finally, the court notes that Plaintiff's retaliation and Eighth Amendment claims against Defendant Arkens are nonfrivolous and may not be dismissed on initial screening.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Bergh, Hill and Linga will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendant Arkens.

An Order consistent with this Opinion will be entered.


Dated:      11/4/08                    */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE