UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JESSIE E. JONES #260563,

        Plaintiff,

v.

DAVID BERGH, et al.,

        Defendants.
_____/

Case No. 2:08-cv-128

Honorable R. Allan Edgar

## OPINION

Plaintiff Jessie E. Jones #260563, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden David Bergh, Sergeant Michael Arkens, Prison Guard K. Hill, and Prison Guard Unknown Linga. Defendants Bergh, Hill and Linga, as well as Plaintiff's due process claims, were dismissed by this Court upon initial screening. Defendant prison guard Michael Arkens is the only defendant remaining in this action.

Plaintiff alleges in his complaint that on February 6, 2008, he filed a grievance against LMF custody staff for deliberately giving his mail to other prison inmates. On February 11, 2008, Defendant Arkens interviewed Plaintiff on the grievance. Subsequently, Defendant Arkens told other inmates that Plaintiff had filed grievances naming them so that Plaintiff would be viewed as an informant. Plaintiff states that as a result he is constantly receiving threats of being killed by other prisoners and that the staff is aware of this and condones it.

Plaintiff alleges that on February 12, 2008, he filed a complaint with Defendant Bergh complaining of Defendant Arkens' conduct, but Defendant Bergh failed to take any corrective action.

Plaintiff then filed a grievance on Defendant Bergh. In reprisal, Defendant Bergh forwarded the grievance to Defendant Arkens. On February 17, 2008, Defendant Arkens told Plaintiff, "I got your letter from the warden what you thought he was gonna do something? I'm gonna have your ass bolted up with tickets. You'll never get out the hole, I'll make sure personally that you [won't] eat." On February 19, 2008, Defendants Hill, Linga, and Arkens illegally confiscated Plaintiff's legal documents that related to *Jones v. Johnson*, 2:07-cv-199, including Plaintiff's motion for summary judgment and brief in support. Plaintiff states that he did not have any copies. Plaintiff claims that this was observed by another prisoner, Brentt Foust #415344. In addition, Plaintiff observed Defendant Hill carrying Plaintiff's documents in his hand after confiscating them. Plaintiff filed a grievance regarding this issue, to no avail. Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Presently before the Court is Defendant Arken's second Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, as well as Plaintiff's Motion to Dismiss (docket #52 and #57). The parties have filed responses and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at

324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Arkens states that he is entitled to summary judgment because Plaintiff's Eighth Amendment claim lacks merit. Plaintiff claims that Defendant Arkens labeled him a snitch to other inmates, which placed Plaintiff in danger. Plaintiff states that, as a result of Defendant Arken's conduct, an inmate with Hepatitis C threw feces on him while saying, "Arkens said you were a rat bitch."

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*,

509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

Various courts have held that prison officials who identify an inmate as a snitch to other inmates, with intent to provoke an assault or the fear of assault, may be held liable for an Eighth Amendment violation. *See Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (reversing district court's dismissal of inmate's claim that guard told other inmates that plaintiff was a snitch which allegedly resulted in the plaintiff's beating); *Hobbs v. Lockhart*, 924 F.2d 774, 775 (8th Cir. 1991) (liability established for assaults on inmate because of guard's labeling inmate as an informant); *Miller v. Leathers*, 913 F.2d 1085, 1088 ("It is impossible to minimize the possible consequences to a prisoner of being labeled a 'snitch.'"); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989) (reversing district court's entry of summary judgment for defendants where plaintiff was called a snitch in front of other inmates by correctional officers); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (reversing district's court's dismissal as frivolous of prisoner's claim alleging that "prison officials have labeled him a snitch and are exposing him to inmate retaliation, perhaps because of his conduct in bringing prior lawsuits"). But see *Blizzard v. Hastings*, 886 F.Supp 405, 410 (D. Del. 1995) (Officer's entitled to summary judgment where inmate cannot show that spreading rumor that inmate is a snitch exposed him to an unreasonable risk of serious harm).

As previously noted by the court, Plaintiff attests that a Hepatitis C positive prisoner threw feces on him while stating that Defendant Arkens had called Plaintiff a "rat bitch." (Plaintiff's Exhibit 3, docket #42.) Plaintiff also offers the affidavit of fellow inmate Jeremy Mosely #281663, in which Mr. Mosely attests that Defendant Arkens told him that Jesse Jones [Plaintiff] was a rat and that he had filed a lawsuit on Prisoner Mosely. Prisoner Mosely further claims that Defendant Arkens

provided him with Plaintiff's home address and told him that if he wrote threatening letters to Plaintiff's mother, he would give Prisoner Mosely 5 grams of crystal methamphetamine. (Plaintiff's Exhibit 5, docket #66.)

In his affidavit, Defendant Arkens attests that during his investigation of Plaintiff's grievance, his conversation with other prisoners consisted of only basic questions to determine if they had received any of Plaintiff's mail. Defendant Arkens denies ever referring to Plaintiff as a snitch. (Defendants Exhibit 2, ¶ 4, docket #53.) However, Defendant Arkens fails to provide any further support for his assertion that he did not knowingly place Plaintiff in danger by telling other inmates that Plaintiff was a "snitch" or a "rat." The court concludes that there is a genuine issue of fact on Plaintiff's Eighth Amendment claim.

Defendant Arkens asserts that he is entitled to summary judgment on Plaintiff's official capacity claims against him because such claims are barred by the Eleventh Amendment. Any claims against the individually-named Defendant in his official capacity do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections).[1] The State of Michigan has not consented to civil rights suits

---

[1] The Sixth Circuit has held that since an official capacity suit for retroactive relief, such as monetary damages, is deemed to be against the State, whose officers are the nominal Defendants, the claim is barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 736-737 (6th Cir. 1994).

5

in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees. Therefore, any official capacity claims are properly dismissed.

Defendants also claim Plaintiff's individual capacity claims are barred by qualified immunity because Plaintiff has failed to show a violation of clearly established law. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This

> is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

When ruling on qualified immunity, this court must expressly identify the right at issue and summarize the factual or evidentiary basis for its conclusion. *Noble*, 87 F.3d at 161; *Wegener*, 933 F.2d at 392. In determining whether a clearly established right exists, the district court looks first to the binding precedent of the Supreme Court, then to that of the Sixth Circuit, and then finally to decisions of other jurisdictions. *Wegener*, 933 F.2d at 392; *Masters v. Crouch*, 872 F.2d 1248, 1251-52 (6th Cir.), *cert. denied sub nom*, *Frey v. Masters*, 493 U.S. 977 (1989); *Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989); *Ohio Civil Service Employees Assn. v. Seiter*, 858 F.2d 1171, 1177 (6th Cir. 1988). Public officials are expected to be aware of clearly established law specifically governing their conduct. *Long v. Norris*, 929 F.2d 1111, 1115 (6th Cir.), *cert. denied sub nom*, *Jones v. Long*, 502 U.S. 863 (1991).

While defendants bear the initial burden of presenting facts that, if true, would entitle them to immunity, the ultimate burden of proof falls on the plaintiff to show that the defendants violated a right so clearly established that any official in defendants' positions would have clearly understood that he was under an affirmative duty to refrain from such conduct. *Noble*, 87 F.3d at 161; *Wegener*, 933 F.2d at 392.

As noted above, inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment and various courts have held that prison officials who identify an inmate as a snitch to other inmates, with intent to provoke an assault or the fear of assault, may be held liable for an Eighth Amendment violation. *Farmer*, 511 U.S. at 833; *Northington*, 973 F.2d at 1525; *Hobbs*, 924 F.2d at 775; *Miller*, 913 F.2d at 1088; *Valandingham*, 866 F.2d at 1137; *Harmon*, 728 F.2d at 1409. Plaintiff attests that Defendant Arkens informed other prisoners that Plaintiff had "filed a snitch complaint" and that a prisoner with Hepatitis C threw feces on plaintiff while saying, "Arkens said that you were a rat bitch." In addition, Plaintiff has offered the affidavit of another inmate who attests that Defendant Arkens told him that Plaintiff was a rat. Where, as here, there is a genuine issue of material fact as to whether the defendant acted with deliberate indifference to the plaintiff's safety, he is not entitled to qualified immunity.

In light of the foregoing, the court concludes that Plaintiff has sustained his burden of proof in response to Defendant Arkens' motion for summary judgment. Accordingly, Defendant Arkens' motion for summary judgment (docket #52) will be denied.

In addition, Plaintiff's motion to dismiss and to strike Defendant Arkens' motion for summary judgment (docket #57) because Defendant failed to serve Plaintiff with a copy of the motion is properly denied where Plaintiff failed to notify Defendant that he had moved to a different prison facility. Therefore, the court will deny this motion.

An Order consistent with this Opinion will be entered.

Dated: 9/28/2010                                         */s/ R. Allan Edgar*
                                                        R. ALLAN EDGAR
                                                        UNITED STATES DISTRICT JUDGE