UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE E. JONES,

Plaintiff,

v.

Case No. 2:08-cv-128
HON. R ALLAN EDGAR

DAVID BERGH, et al.,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff was ordered to show cause why his case should not be dismissed for failing to file a Pretrial Narrative Statement by May 2, 2011. Fed. R. Civ. P 41(b). Plaintiff responded that he did file a timely Pretrial Narrative Statement when he submitted the statement to a prison official for mailing to the Court on April 25, 2011. Plaintiff asserts that the prison failed to send his Pretrial Narrative Statement to the Court. Plaintiff submitted Michigan Department of Corrections Disbursement Authorization forms to show that he gave a prison employee his Pretrial Narrative Statement for mailing on April 25. Defendants assert that plaintiff is committing a fraud upon the Court by claiming that he gave this document to a prison employee and that plaintiff has submitted false disbursement forms that he doctored to cover up the fact that he never submitted a timely Pretrial Narrative Statement. The Court held a hearing on this issue on September 27, 2011.

At the hearing, Baraga Correctional Facility Resident Unit Officer Judy Karpinen testified that she was responsible for picking up prisoner legal mail and logging each piece of mail. On April 25, 2011, she received three envelopes and three corresponding disbursement forms from

plaintiff. She returned a carbon copy of each form to plaintiff and entered each piece of mail she received into her logbook. (Defendants' Exhibit D). Plaintiff claims that he provided five envelopes and five disbursement forms on that date. Plaintiff claims that the two envelopes containing his Pretrial Narrative statement, one for the Court and one for defense counsel, were lost by the prison and were clearly not properly logged by Judy Karpinen.

Plaintiff has provided the Court with copies of the disbursement forms that he alleges were submitted and completed for the envelopes containing his Pretrial Narrative Statement for the Court and for defense counsel. Baraga Resident Unit Manager James LeClaire testified that he did not believe the two forms submitted by plaintiff were legitimate Disbursement Authorization forms.

Defendants assert that those forms were made solely by plaintiff using two of the three copies of disbursement forms plaintiff actually submitted on April 25, 2011. Defendants claim that plaintiff filled out the top portion of two new forms and cut and pasted the bottom portion of two other forms signed by prison officials to make the forms plaintiff presented to the Court. Plaintiff made photocopies of these forms by inserting them in a stack of forms for photocopying by the law library. RUM LeClaire testified that it appeared plaintiff used two legitimate forms (defendants' Exhibits F and E) to make the two forms that are not legitimate (defendants' Exhibits A and B).

Defendants' Exhibits A and B are the forms provided by plaintiff to show that he timely submitted his Pretrial Narrative Statement. Both of those forms were allegedly made by plaintiff on April 25, 2011. In both of those forms, plaintiff indicted that he was locked in Unit 3-223. This is in contrast to the other three forms plaintiff submitted on April 25, 2011, that were logged by Judy Karpinen. Plaintiff indicated in those forms that he was locked in Unit 2-123. Plaintiff has not provided an adequate explanation as to why he put different cell numbers on two of the five forms. Plaintiff explained that he knew that he was moving to cell number 223, so he

placed that cell number on two of the forms in anticipation of the move. Plaintiff has not explained why he did not place that cell number on all five forms he claims he submitted. The three forms the Court knows are legitimate had cell number 123 on them. It is apparent that the bottom half of Exhibit A, the Disbursement Authorization form plaintiff claims was for his letter addressed to this Court containing his Pretrial Narrative Statement, is identical to the bottom half of Exhibit F. Similarly, the bottom half of Exhibit B, the Disbursement Authorization form plaintiff claims was for his letter addressed to defense counsel containing his Pretrial Narrative Statement, is identical to the bottom half of Exhibit E. It is undisputed that Exhibits F and E are legitimate Disbursement Authorization forms.

At the hearing plaintiff was asked to submit his original carbon copies of Exhibits E, F, and G that he undisputedly received back from Judy Karpinen on April 25, 2011. Plaintiff stated that he did not have those copies with him in Court because he did not believe they were at issue. Plaintiff represented that he had the carbon copies in his cell in one of his duffle bags containing legal papers. The Court arranged for plaintiff to have time to find the copies and scheduled a telephone conference for the next day. Plaintiff would then inform the Court what he had found and arrangements would be made for the Court to receive those copies into the record. The telephone conference occurred the next day. Plaintiff represented that he was only able to find one carbon copy. The only copy plaintiff found was a copy of defendants' Exhibit G.

This is not surprising as it is apparent that plaintiff had to destroy his copies of defendants' Exhibits F and E when he made the two non-legitimate disbursement forms (defendants' Exhibits A and B) in his attempt to establish that he submitted a timely Pretrial Narrative Statement. It is clear that plaintiff has committed a fraud upon the Court. While this Court likely would have excused the filing of an untimely Pretrial Narrative Statement, this Court cannot excuse the fraud

committed on this Court by plaintiff. It is apparent that plaintiff has engaged in egregious conduct which is inexcusable to this Court. The sanction of dismissal of plaintiff's case is warranted. In addition to this Court's authority to dismiss this case under Rule 41 for failing to comply with the order of this Court, the Court has inherent authority to dismiss an action for the abuse of the judicial process. *First Bank of Marietta v. Hartford Underwriters Ins.,* 307 F.3d 501, 516 (6th Cir. 2002). Plaintiff has committed a fraud on the Court and has acted in bad faith by creating false and fraudulent documentation to manufacture an excuse for his failure to follow an order of this Court. Plaintiff has failed to show cause why this case should not be dismissed.

On July 12, 2011, plaintiff filed a motion to supplement his response to the order of show cause. Plaintiff's motion (Docket #96) is now moot since the Court subsequently held a hearing and plaintiff had the opportunity to file additional pleadings. The Court also held a post hearing telephone conference.

Plaintiff has also filed a motion for default judgment (Docket #101) against defendant Arkens for his failure to file an answer to the complaint. Default has not been entered against defendant Arkens. Therefore, a default judgment would not be appropriate. Moreover, this Court has no power to grant judgment against a defendant in a 42 U.S.C. § 1983 case brought by a prisoner simply for the defendant's election not to file an answer to the complaint and where the Court has not ordered that an answer shall be filed. 42 U.S.C. 1997e(g)(1), *Jones v. Bock*, 549 U.S. 199, 213-14 (2007).

Accordingly, for the reasons stated above, it is recommended that the Court dismiss this case. It is further recommended that plaintiff's motions (Docket # 96 and #101) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 14, 2011