UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE JONES,

    Plaintiff,

v.                                                                              Case No. 2:08-cv-128
                                                                             HON. R. ALLAN EDGAR

DAVID BERGH, et. al.,

    Defendants.

_____/

**MEMORANDUM AND ORDER**

       Plaintiff Jesse Jones, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this federal civil rights action under 42 U.S.C. § 1983. Plaintiff is currently imprisoned at the Baraga Maximum Correctional Facility. The only defendant remaining in this case is Michael Arkens.

       On January 5, 2011, the Court entered a case management order. [Court Doc. No. 75]. Plaintiff Jones was ordered to file a pretrial narrative statement on or before May 2, 2011. The case management order provides that if the plaintiff fails to file a pretrial narrative statement, it will result in dismissal of this case under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's orders.

       Plaintiff Jones did not timely file his pretrial narrative statement by the deadline of May 2, 2011. On May 20, 2011, Magistrate Judge Timothy P. Greeley ordered the plaintiff to show good cause why this civil action should not be dismissed under Fed. R. Civ. P. 41(b). [Court Doc. No. 88].

       In his response to the show cause order [Court Doc. No. 90], plaintiff Jones asserts that he

timely filed his pretrial narrative statement when he submitted it to a prison official, Acting Assistant Resident Unit Supervisor (ARUS) Judy Karpinnen, on April 25, 2011, for mailing to this Court. Plaintiff seeks to invoke the prisoner mailbox rule.  Plaintiff Jones states that he used the MDOC process for expedited legal mail service.  It is alleged by the plaintiff that Judy Karpinnen gave the envelope containing the pretrial narrative statement to the mail room supervisor.  Plaintiff contends that it is noted on the face of the MDOC expedited legal mail form that mail room supervisor Janet L. Rossi placed the pretrial narrative statement in the outgoing mail on April 26, 2011.  In support of these assertions, plaintiff Jones submits a copy of two MDOC disbursement authorization forms which purport to show that on April 25, 2011, he gave his pretrial narrative statement to Judy Karpinnen for mailing. [Court Doc. No. 90-1, pp. 1-2].

Defendant replies that plaintiff Jones is attempting to perpetrate a fraud upon this Court. Defendant contends that the plaintiff has fabricated and presented false documents in an effort to deliberately deceive and mislead this Court. [Court Doc. Nos. 92, 92].  Defendant has presented substantial evidence to prove its contention.

Magistrate Judge Timothy P. Greeley held an evidentiary hearing on this matter.  On October 14, 2011, the Magistrate Judge Greeley issued his report and recommendation. [Doc. No. 106].  The Magistrate Judge finds that plaintiff Jones has committed a fraud upon this Court and acted in bad faith by creating false, fraudulent documents to manufacture an excuse for his failure to comply with the case management order; i.e. failure to file his pretrial narrative statement by the deadline of May 2, 2011.  The Magistrate Judge finds that plaintiff Jones fails to show good cause why this case should not be dismissed.  The Magistrate Judge reasons that this Court cannot excuse the fraudulent conduct of plaintiff Jones and the sanction of dismissal is warranted.

The report and recommendation correctly cites two sources of authority for the Court to dismiss this case. Dismissal is authorized under Fed. R. Civ. P. 41(b) on the grounds of failure to prosecute and failure to comply with the Court's case management order. Moreover, this Court has the inherent authority to impose sanctions and dismiss this civil action based on the plaintiff's bad faith, fraudulent conduct, and abuse of the judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-51 (1991); *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008); *First Bank of Marietta v. Hartford Underwriters Insurance Co.*, 307 F.3d 501, 510-17 (6th Cir. 2002).

The Magistrate Judge also recommends that the plaintiff's motion for leave to supplement his response to the show cause order [Court Doc. No. 96] be denied as moot since the Magistrate Judge subsequently held a hearing, and the plaintiff was afforded an opportunity to supplement the record.

It is further recommended that the plaintiff's motion for default judgment against defendant Michael Arkens for the defendant's alleged failure to file a timely answer to the plaintiff's amended complaint [Court Doc. No. 101] be denied. A default judgment under Fed. R. Civ. P. 55(b) would be improper and contrary to law. There has not been an entry of default against defendant Arkens under Fed. R. Civ. P. 55(a). Without a Rule 55(a) entry of default, there cannot be a default judgment under Rule 55(b). Moreover, defendant Arkens is not actually in default. This Court has not ordered defendant Arkens to answer the complaint. Plaintiff is not entitled a default judgment where defendant Arkens has elected not to file an answer to the complaint and the Court has not ordered defendant Arkens to answer. 42 U.S.C. § 1997e(g)(1); *Jones v. Bock*, 549 U.S. 199, 213-14 (2007); *Nouri v. Oakland County Jail*, 2011 WL 2144639, * 3 (E.D. Mich. May 9, 2011); *LaFountain v. Martin*, 2009 WL 4729933, * 4 (W.D. Mich. Dec. 3, 2009).

There are objections by plaintiff Jones to the report and recommendation. [Court Doc. No. 107]. Plaintiff does not discuss or raise any objection to the Magistrate Judge's recommendation that the plaintiff's motions to supplement the record and for default judgment [Court Doc. Nos. 96, 101] be denied. Instead, plaintiff focuses solely on his response to the show cause order and the issue whether he timely filed his pretrial narrative statement.

After reviewing the record *de novo*, the Court concludes that the plaintiff's objections to the report and recommendation [Court Doc. No. 107] are without merit and are **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).

Accordingly, for the reasons expressed in the Magistrate Judge's report and recommendation, this entire civil action shall be **DISMISSED WITH PREJUDICE.** All remaining claims against defendant Michael Arkens shall be dismissed. The plaintiff's motion for leave to supplement his response to the show cause order [Court Doc. No. 96] is **DENIED** as moot. The plaintiff's motion for default judgment against defendant Michael Arken under Fed. R. Civ. P. 55(b) [Court Doc. No. 101] is **DENIED**.

A separate judgment will be entered.

SO ORDERED

Dated: October 31, 2011.

                                                */s/ R. Allan Edgar*
                                                R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE